IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY PERRY, | ) | No. C 10-2682 LHK (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| HELEN THORNTON, | ) | |
| Defendant. | ) | |

Plaintiff, an state prison at Salinas Valley State Prison proceeding *pro se*, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for an alleged constitutional violation. For the reasons stated below, Plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
the alleged violation was committed by a person acting under the color of state law. *See West v.
Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff claims that on December 24, 2009, he was being interviewed by Defendant
Helen Thornton as part of the inmate grievance process. Plaintiff had filed a grievance regarding
a medical staff employee. Plaintiff claims that during the interview, Thornton became verbally
confrontational with him and tried to persuade him there was no reason to pursue the
administrative appeal because the employee with whom he was dissatisfied was no longer a
physician at the facility. Plaintiff requests damages as compensation for Thornton's
unprofessional conduct.

Plaintiff fails to state a cognizable claim upon which relief may be granted. While
unprofessional conduct may be displeasing, allegations of verbal harassment and abuse, without
more, fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d
732, 738 (9th Cir. 1997). While district courts must afford pro se prisoner litigants an
opportunity to amend to correct any deficiency in their complaints, *see Lopez v. Smith*, 203 F.3d
1122, 1126-27 (9th Cir. 2000) (en banc), a pro se complaint "may be dismissed for failure to
state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202,
1205 (9th Cir. 2007) (citations and internal quotations omitted). Here, even liberally construed,
under the circumstances alleged, Plaintiff has not alleged facts sufficient to entitle him to relief
for a civil rights violation. As a result, the Court concludes that leave to amend would be futile.

Accordingly, this claim is DISMISSED without leave to amend. The Clerk shall close
the file.

IT IS SO ORDERED.

DATED:   8/30/2010                         *Lucy H. Koh*
                                           LUCY H. KOH
                                           United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.10\Perry682ftsc.wpd        2